✗ Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT
MAR 10 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES LI, | Case No. CV 00-12724-RMT(Ex) |
| Plaintiff, | MEMORANDUM |
| vs. | |
| COUNTY OF LOS ANGELES, MICHAEL JUDGE, ADOLFO LARA, ROBERT KALUNIAN, RONALD BROWN, RONALD WHITE, NORMAN KOPLOF, WINSTON PETERS, JOHN HILL, JOHN MARTINEZ, | |
| Defendants. | |

This matter has come before the court on the motion by defendants County of Los Angeles, Michael Judge, Adolfo Lara, Robert Kalunian, Ronald Brown, Ronald White, Norman Koplof, Winston Peters, John Hill, and John Martinez for summary judgment or, alternatively, for an order specifying the facts that appear without substantial controversy. Having considered the pleadings and other papers filed herein the court issues this memorandum in lieu of findings of fact and conclusions of law:

Plaintiff James Li brings this action alleging that defendants have discriminated against him based on race and ethnicity and retaliated against him for his "speaking out" including his filing of prior civil rights lawsuits against the Los Angeles County Public Defender's Office in violation of his rights under 42 U.S.C. §§

1983, 1985(3) of the Civil Rights Act and the Fourteenth Amendment to the United States Constitution by failing to hire plaintiff.

Absent direct evidence of discrimination, a prima facie case under 42 U.S.C. § 1983 requires proof that (1) plaintiff is a member of a protected class, (2) qualified for the position, (3) but not selected for the position and (4) that the position remained open and was ultimately filled by one who is not a member of the protected class. McDonnell Douglas Corp. V. Green, 411 U.S. 792, 802 (1973). Once a prima facie case is established a presumption of discrimination arises, which defendants can rebut by setting forth evidence of a legitimate nondiscriminatory reason for the adverse employment action. Thereupon it is plaintiff's burden to demonstrate that the nondiscriminatory reason is a pretext for discrimination. Defendants contend that, assuming plaintiff could establish a prima facie case, they can rebut the presumption of discrimination with evidence of a legitimate nondiscriminatory reason for not hiring plaintiff. Defendants' asserted reason for not hiring plaintiff is that his performance on the Civil Service Examination ("CSE") did not place him in a high enough band to render him eligible for consideration.

Plaintiff alleges that he, a male of East Asian parentage, applied for an entry level public defender position with the Los Angeles County Office of the Public Defender and participated in the CSE interview on October 27, 1999. Plaintiff was interviewed by defendants Winston Peters and John Martinez. Both Martinez and Peters gave plaintiff a score of 85, out of a possible 100 points. The score of 85 placed plaintiff in Band Three of the eligible register.[1]

Pursuant to Civil Service Rules, when Chief Public Defender, defendant Michael Judge, selects an individual to fill a vacancy, he is permitted to only consider those applicants in the highest ranking band having at least five persons, or in any

---

[1] Pursuant to Civil Service Rule 11.01©), the eligible register is a list of qualified prospects organized according to the following bands: (1) Band One ranges from 94.5 to 100; (2) Band Two ranges from 88.5 to 94.4, (3) Band Three ranges from 82.5 to 88.4 and (4) Band Four ranges from 76.5 to 82.4.

other higher band.

In 1999, 235 applicants participated in the CSE interview for the entry level public defender attorney position, including 133 (56.6%) White applicants, 20 (8.5%) Black applicants, 35 (14.9%) Hispanic applicants and 40 (17%) Asian-Pacific Islander applicants. Of the 235 applicants, 178 scored higher than 85: no applicant scored in Band One, 164 applicants scored in Band Two and 14 applicants scored higher than plaintiff in Band Three. Additionally, of these 178 applicants, 58% were White, 7% were Black, 16% were Hispanic, and 17% were Asian-Pacific Islander. During 1999, defendant Judge selected a total of twenty-seven applicants to fill entry level positions: eight (29.6%) Whites, four (14.8%) Blacks, five (18.5%) Hispanics, and ten (37%) Asian-Pacific Islanders. Because plaintiff placed in Band Three, he was not even eligible for consideration by defendant Judge.

Defendants have provided evidence to establish the above facts, which evidence has not been controverted by plaintiff. Plaintiff has failed to provide any evidence that defendants' asserted reason for not hiring plaintiff is a pretext for discrimination or that defendant's actions were in retaliation for plaintiff's having "spoken out" against the Los Angeles County Public Defender's Office.[2] As such, summary judgment is warranted.

Dated: March 10, 2005

ROBERT M. TAKASUGI
United States District Sr. Judge

---

[2] Defendants have raised several objections to plaintiff's evidence, which the court declines to reach because even considering the evidence plaintiff presents, he fails to controvert defendants' asserted justification for not hiring him, that asserted justification being plaintiff's failure to place high enough on the CSE to render him eligible for consideration. Plaintiff presents no evidence relevant to show that the asserted justification is a falsehood or a cover up for discrimination.

3